ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
'05 MAR 31 AM 10:31

| | | |
|---|---|---|
| Lynda A. Martin, | ) | Case No. 04-71732 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Nancy G. Edmunds |
| | ) | Hon. Steven D. Pepe |
| Jo Anne B. Barnhart, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS (#6)**

Plaintiff Lynda Martin brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits under Title II of the Social Security Act.

I.   Background

Plaintiff applied for disability insurance benefits on December 10, 2001. Her claim was denied initially and on reconsideration. An administrative hearing was held on October 24, 2003, before Administrative Law Judge E. Patrick Golden. In a December 4, 2003, decision, ALJ Golden found that Plaintiff had the residual functional capacity to perform a significant range of light work existing in significant numbers in the national economy. The Appeals Council denied review on February 25, 2004. Plaintiff filed her complaint on May 6, 2004. Defendant filed a motion to dismiss the complaint, arguing that it was untimely.

II.   Analysis

In order to be timely, a complaint must be filed within sixty days of receiving the Appeals

Council's notice. Under 42 U.S.C. § 405(g),

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

"Mailing" means the date a claimant received notice that the Appeals Council denied review. A claimant is presumed to have received the notice five days after the date of the notice, unless a reasonable showing otherwise is made to the Appeals Council. See 20 C.F.R. §§ 404.901, 404.981, 422.210(c).

Plaintiff's previous attorney sent her a letter dated March 2, 2004, which directs Plaintiff to the second page of the Appeals Council's denial letter regarding time in which to file a civil action. This "would require the commencement of a civil action in the United States District Court within 60 days from the date of receipt of this letter which is presumed to be 5 days after the February 25, 2004 date." In Plaintiff's pro se response to her motion, she states "I feel I responded within the required time frame, going by the post mark on my denial letter, a copy of that letter and the post marked letterhead was submitted with my appeal."

Because the Appeals Council's decision was dated February 25, 2004, Plaintiff was required to file her complaint by April 30, 2004. She did not seek an extension or otherwise show good cause why the deadline should be extended. The only post mark included with Plaintiff's complaint relates to the letter from Plaintiff's attorney. It appears that Plaintiff misinterpreted time to begin tolling five days after her attorney's letter, rather than five days after the Appeals Council rendered its decision. Such a misunderstanding is not good cause grant an

extension. It is also clear that the procedure for challenging the mailing date is initially before the Appeals Council which was not pursued here.

III. RECOMMENDATION

For the above stated reasons IT IS RECOMMENDED that Defendant's motion be GRANTED and Plaintiff's complaint be DISMISSED.

The parties to this action may object to and seek review of this report and recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: March 31, 2005
Ann Arbor, Michigan

STEVEN D. PEPE
United States Magistrate Judge